| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| William H. Brownstein, SBN 84507<br>William H. Brownstein & Associates, P.C.<br>11755 Wilshire Boulevard, Suite 1250<br>Los Angeles, CA 90025-1540<br>(310) 458-0048 FAX: (310) 362-3212<br>Email: Brownsteinlaw.bill@gmail.com<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Debtor and Debtor in Possession | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: JAMES PASCUCCI, | CHAPTER: 13 |
|---|---|
| | CASE NO.: 1:16bk-12229MB |
| | DATE: 9/15/16<br>TIME: 3:00 p.m.<br>CTRM: 303<br>FLOOR: Third |
| Debtor(s). | |

### RESPONSE TO MOTION FOR ORDER TO TERMINATE, ANNUL, MODIFY, OR CONDITION THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 AND DECLARATION(S) IN SUPPORT
(MOVANT: RICHARD J. SEGAL )
(RESPONDENT: ☒ Debtor   ☐ Trustee   ☐ Other: _____ )

*GENERAL NOTE:* *A request for additional time is **not** usually an adequate response in opposition to the Motion. This Response and supporting declaration(s) and other admissible evidence must be filed with the Court and served pursuant to the Local Bankruptcy Rules.*

1. ☐ **NON-OPPOSITION:** Notice is hereby given that the Respondent does not oppose the granting of the Motion.

   *NOTE:* *If you do not oppose the Motion, there is no need to appear at the hearing scheduled in the Motion.*

2. ☐ **LIMITED OPPOSITION -- APPEARANCE REQUIRED:** Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession shall take place before *(specify date)*:

   The reason for this request is *(specify):*

*(Continued on next page)*

---

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                                  **F 4001-1M.RES**

Response to Motion for Relief from Stay - *Page 2 of* 9    F 4001-1M.RES

| In re | (SHORT TITLE) | | CHAPTER: 13 |
|---|---|---|---|
| JAMES PASCUCCI | | Debtor(s). | CASE NO.: 1:16bk-12229MB |

3. ☒ **OPPOSITION -- APPEARANCE REQUIRED:** Notice is hereby given that the Respondent opposes the granting of the Motion for the reasons set forth below.

   a. Respondent disputes the allegations/evidence contained in the Motion. As shown in the Declaration(s) filed with this Response:

   ☐ The value of the Property is $_____, based upon (*specify*):

   ☐ Total amount of debt (loans) on the Property is $_____.

   ☐ More payments have been made to Movant than the Motion has accounted for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

   ☐ The Property is necessary for an effective reorganization. Respondent has filed or intends to file a plan requiring the Property. A true and correct copy of the Plan is attached as Exhibit _____.

   ☐ The Property is insured. A true and correct copy of the policy currently in effect is attached as Exhibit _____.

   ☐ The Movant's description of the status of the unlawful detainer proceeding is not accurate. See attached Declaration for Respondent's evidence.

   ☒ Respondent denies that this bankruptcy was filed in bad faith or improperly. See attached Declaration containing Respondent's evidence.

   ☐ Debtor would be prejudiced if the lawsuit or administrative proceeding is allowed to continue outside the bankruptcy court. See attached Declaration regarding Respondent's contentions.

   ☐ Service of the Motion:    ☐ Not all parties were served    ☐ Insufficient notice of the hearing

   ☐ Incorrect address used for (*specify*) _____

   ☒ Other (*specify*): Motion is premature. No emergency is shown to exist. Misrepresents the status of the State Court Action.

   b. Respondent asserts:

   ☐ Case has been converted from Chapter _____ to Chapter _____.
   ☐ All postpetition arrears will be cured by the hearing date.
   ☐ The Debtor has equity in the Property in the amount of $_____.
   ☐ Movant has an equity cushion of $_____ which is sufficient to provide adequate protection.
   ☐ The Property is necessary for an effective reorganization because (*specify reasons why*):

   ☒ The Motion should be denied because (*specify*):
   The Motion seeks immediate relief from stay to proceed with a purported State Court trial. There is a mandatory settlement conference set for October 6, 2016 at which time the Debtor agrees to attend and to appear for the purpose of seeking to resolve this case. If not resolved, however, a trial will be required in which case the Debtor will have to retain State Court counsel. He will need to prepare for trial, including to deal with the pre-trial motions and documents.

(Continued on next page)

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 4001-1M.RES

Response to Motion for Relief from Stay - Page 3 of  9       **F 4001-1M.RES**

| In re JAMES PASCUCCI | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| | Debtor(s). | CASE NO.: 1:16bk-12229MB |

4.   **EVIDENCE IN SUPPORT OF RESPONSE AND SUPPORTING PAPERS:**

> ***NOTE RE SUPPORTING PAPERS:*** *Declarations in opposition to the Motion **MUST** be attached hereto. Any individual signing a declaration must have personal knowledge of the facts stated in it and should attach any supporting documents, if possible. You may attach a Memorandum of Points and Authorities if you desire, but it is not required.*

> ***NOTE RE SERVICE OF RESPONSE AND SUPPORTING PAPERS:*** *Pursuant to the Local Bankruptcy Rules, you must file with the Bankruptcy Court Clerk this completed Response along with supporting declaration(s) signed under penalty of perjury, AND also serve a copy of the Response and declaration(s) on the Movant's attorney (or Movant, if no attorney), the Bankruptcy Trustee, the United States Trustee, and all other parties to the Motion.*

Pursuant to the Local Bankruptcy Rules, attached hereto are the following papers in support of this Response:

- ☒ Declaration by Debtor
- ☐ Declaration by Debtor's Attorney
- ☐ Declaration by Trustee
- ☐ Declaration by Trustee's Attorney
- ☐ Declaration by Appraiser
- ☐ Memorandum of Points and Authorities *(optional)*
- ☒ Other *(specify)*: Declaration of Debtor's State Court attorney.

Dated:  9/13/16

Respectfully submitted,

James Pascucci
*Respondent's Name*

William H. Brownstein & Associates, P.C.
*Law Firm Name (if applicable)*

By:  /s/ William H. Brownstein
*Signature*

Name:  William H. Brownstein
*Attorney for Respondent or Pro Se Respondent*

---

This form is OPTIONAL. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                                **F 4001-1M.RES**

# DECLARATION OF JEFFREY E. LIEBER

I, JEFFREY E. LIEBER, declare as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California. I have been practicing law in the courts of the State of California for almost 40 years (December, 1976), and if called upon to testify, could and would testify to the facts hereinbelow stated because they are within my own personal knowledge.

2. I have represented the debtor, James Pascucci, for a substantial period of time in the state court action referenced in the subject motion. For a period of time, I was not representing Mr. Pascucci in that action for various reasons, however I recently substituted in to handle a Mandatory Settlement Conference in that case.

3. The Mandatory Settlement Conference is set for October 6, 2016, at 1:30 p.m. in Department 18 of the Los Angeles Superior Court.

4. In the Relief from Stay Motion (the "RFS Motion") Mr. Segal refers to a Trial date of September 19, 2016, and in fact there is also a Final Status Conference set on that same date. Despite the foregoing, to my knowledge, Mr. Segal has not filed any of the Trial documents that would have already been required to be filed, including, but not limited to, an Exhibit List, Witness List, Statement of the Case, proposed Jury Instructions, proposed Jury Verdict, and other typical documents that first require a meet and confer between counsel, and then the filing of documents.

5. Furthermore, Mr. Segal's attorney in the state case, Craig Smith, was the party who filed the Notice of Stay due to Mr. Pascucci's bankruptcy, and he was the person who advised me that he expected the Superior Court to vacate the September 19, 2016 Trial date. That, of course, is contrary to Mr. Segal's statement to the Bankruptcy Court that implies that the state court action will proceed to Trial on September 19th. That purported trial date is also inconsistent with the fact that a Mandatory Settlement Conference is set next month, which would be after the Trial date and which based on my experience as a trial attorney always takes place before a trial.

6. As Mr. Segal is represented in the state case, I find the total lack of any evidence from his state court counsel regarding the trial date, the urgency of bringing he RFS Motion or the status of that case to show the frivolity of Mr. Segal;s representations regarding the urgency of having a hearing in the RFS Motion.

7. In addition, Mr. Segal created a substantial period of delay in the case due to the bankruptcy in which he was the Debtor filed in the United States Bankruptcy Court for the Central District of California, Riverside Division, and which was pending against him for a substantial period of time.

8. In any event, since the likelihood of a Trial proceeding on September 19th in the Los Angeles Superior Court is extremely remote, in my opinion, contrary to the contentions raised in the relief from stay motion there is no urgency for relief of stay, except as it pertains to allowing the Superior Court to conduct a Mandatory Settlement Conference which the Debtor and I are prepared to attend should relief from stay be granted for the limited purpose of proceeding with that matter.

9. Insofar as the merits of the case, Mr. Segal is pursuing a claim as an alleged seller of real property, even though he did not hold title to the property. He is claiming damages based upon an event that took place years after the sale, which in my opinion is not relevant and not admissible in the Superior Court. Furthermore, In my opinion, even if he had a claim, there are no provable damages after considering the proceeds received by Mr. Segal from suing a broker in the transaction, combined with the two appraisals done by the legal seller, Mr. Dorfman and Mr. Pascucci's lender which only confirmed the final sales price between a willing seller/willing buyer.

10. It should also be pointed out that Mr. Dorfman, the seller, represented himself, and Mr. Pascucci, the buyer, represented himself, and there was no agency involved.

11. Furthermore, Mr. Pascucci never had any contractual dealings with Mr. Segal, so the question of standing is a mystery to me and I cannot understand how this matter can even go forward.

1     I declare under the penalty of perjury under the laws of the State of California that
2 the foregoing is true and correct.
3     Executed this 13th day of September, 2016, at Woodland Hills, California.

                                                Jeffrey E. Lieber, Esq.

## DECLARATION OF JAMES A. PASCUCCI

I, JAMES A. PASCUCCI, do hereby declare and state as follows:

1. I am the Debtor in the above-captioned case and I make the following declaration based on my personal knowledge.

2. I have reviewed the pending Motion for Relief from the Automatic Stay which was filed by Richard Segal.

3. Contrary to that motion the filing of my bankruptcy case had nothing to do with the pending state court case, and in fact I believe that case to be another in many frivolous cases pursued by Mr. Segal in attempts to steal money from innocent parties.

4. In point in fact, the filing of my bankruptcy case was done in order for me to attempt to reorganize my financial affairs and to avoid the loss of my two investment properties which were set for trustee sales, and had nothing to do with Mr. Segal's case.

5. I do not oppose the granting of relief from stay for the limited purpose of allowing us to proceed with Mandatory Settlement Conference set for October 6, 2016, at 1:30 p.m. in Department 18 of the Los Angeles Superior Court.

6. I have retained Jeffrey Lieber, Esq., for purposes of representing me only at the Mandatory Settlement Conference. However, if the case does not settle, I believe that I may need to retain counsel for the purpose of assisting me in a trial and as I am on the verge of converting my case from a case under Chapter 13 to one under Chapter 11, I would request that relief from stay to proceed to trial be effective no sooner than November 15, 2016.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 13th day of September, 2016, at Calabasas, California.

*/s/ James A. Pascucci*
James A. Pascucci

Response to Motion for Relief from Stay - Page 8 of 9    F 4001-1M.RES

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| JAMES PASCUCCI | | |
| | Debtor(s). | CASE NO.: 1:16bk-12229MB |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
11755 Wilshire Boulevard, Suite 1250, Los Angeles, CA  90025-1547

A true and correct copy of the foregoing document described as  Response to Motion for Relief from Stay
_____  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On  9/13/16  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

Lee M Linson on behalf of Debtor James Pascucci linsonlawyer@gmail.com, mcmklaw@gmail.com
Elizabeth (SV) F Rojas (TR) cacb_ecf_sv@ch13wla.com
United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On  9/13/16  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  9/13/16  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Richard J. Segal, Via Telecopier (310) 493-3149

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 9/13/16 | William H. Brownstein | /s/ William H. Brownstein |
|---|---|---|
| Date | Type Name | Signature |

January 2009

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

F 4001-1M.RES

| In re | (SHORT TITLE) | CHAPTER: 13 |
|---|---|---|
| JAMES PASCUCCI | Debtor(s). | CASE NO.: 1:16bk-12229MB |

Response to Motion for Relief from Stay - Page 9 of 9    F 4001-1M.RES

**ADDITIONAL SERVICE INFORMATION** (if needed):

Gilbert R Yabes on behalf of Interested Party Courtesy NEFecfcacb@aldridgepite.com, GRY@ecf.inforuptcy.com; gyabes@aldridgepite.com

Kristin A Zilberstein on behalf of Creditor JPMorgan Chase Bank, N.A., successor in interest by purchase from the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bankbknotice@mccarthyholthus.com, kzilberstein@mccarthyholthus.com;kzilberstein@ecf.inforuptcy.com

This form is OPTIONAL.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.RES**